Van Brunt, P. J.
The complaint in this action was discussed upon the ground that it did not state facts sufficient to constitute a cause of action. The complaint alleges that the plaintiff, and the defendant McFadden, for a long time prior to the 14th of January, 1887, were copartners in business, and that the defendant White for about six years previous, had been in the employ of said firm as bookkeeper and salesman; that the partnership lapsed by its own limitation on or about the above date, and the' parties being unable, by reason of past differences and disagreements between themselves to adjust the affairs of the firm, entered into an agreement of dissolution whereby, amongst other things, the defendant agreed to sell, assign and set over to the plaintiff all his right, title and interest in and to the stock of the firm, except certain stock amounting, according to the inventory, to about $5,000, and also his right to the lease of the premises where the firm had lately transacted its business for the sum of $13,417.30, and also all McFadden’s interest in the European accounts for the sum of $1,850.80. The articles of dissolution provided for the sale of the goods excepted and the division of its proceeds.
They further provided that the outstanding accounts owing to the firm should be turned over to and collected by the defendant White, and the proceeds thereof deposited in the Pacific Bank of the city of New York, and that the same should be paid over in equal amounts to the said McFadden and the plaintiff, after deducting the expenses of collection. The said parties also delivered a power of attorney to said White, for the purpose of carrying out the provisions of said articles of dissolution.
The complaint then alleges that it was understood that the plaintiff was to continue the business at the firm’s place of business, and that White was to continue in his employ, of all which facts McFadden was well aware.
The complaint further alleges that there was a secret understanding between McFadden and White, for the purpose of inducing the plaintiff to enter into the articles of dissolution and to execute said power of attorney, to lead the plaintiff to believe, and they did lead him to believe that White would remain with him, and that the outstanding debts due the firm would be collected from the firm’s late place of business; that White remained with the plaintiff for a few days, and then removed all the books and memoranda relating to the outstanding accounts from said premises, and went into business with McFadden; that *126 White, although paid out of the assets of the firm the same salary he received as bookkeeper and salesman, devotes by far the larger part of his time to the business of the defendant McFadden; that he has exceeded his authority under said power of attorney, and has wholly refused to make weekly returns of money collected, as thereby required to be done, and that he has failed to deposit in said Pacific Bank, moneys collected by him belonging to said firm to the amount of nearly $2,000, and that he has either misapplied and converted the said moneys to his own use, or in violation of his duty and the plaintiff’s right, he has turned them over to the said McFadden, instead of depositing them in said bank.'
The plaintiff asks for the appointment of a receiver; that the power of attorney be cancelled and annulled, and that all the accounts and property of the firm be delivered to said receiver, who shall collect the same in order that it may be divided according to the terms of the articles of dissolution.
The learned counsel for the respondent claims that the •allegations of the complaint charging the defendant with misconduct in his office as trustee, and with waste and extravagance in the management of the estate committed to his hands, are not material and pertinent to the cause of action, which is an action for his removal and the cancellation of the power of attorney, on the ground that his selection and appointment were brought about by a fraudulent -conspiracy. An examination of the complaint fails to show that such is necessarily the ground upon which that .action is based.
Upon the contrary, it would appear rather that the removal of White as trustee was sought because of the violation of his duties as such trustee; and that the allegations in regard to the fraud which was practiced upon the plaintiff inducing him to consent to the appointment of White, are rather allegations, giving a history of the proceedings leading to such appointment, and showing the fact that the defendants, McFadden and White, were linked together, and that, therefore, the plaintiff was excused from making the defendant, McFadden, a co-plaintiff with him against the defendant, White.
But it is urged that if the action is considered as one to remove a trustee for misconduct in office the complaint does not contain allegations sufficient to maintain it. The failure of the defendant, White, to deposit the money collected by him in the Pacific Bank is distinctly alleged and admitted by the motion to dismiss the complaint. The requirements of the articles of dissolution in this regard are *127 specific and a deliberate violation of this provision is admitted.
It is difficult to see what further instance of violation of duty it would be necessary for the plaintiff to establish in order to justify him in asking the court for the removal of the trustees.
Nor is this all. The articles of dissolution and the power of attorney being executed at the same time and for the purpose of obtaining the same object must be read together. The power of attorney contained the provision that weekly accounts should be rendered of his proceedings by the trustee. The plaintiff alleges the refusal to furnish such weekly accounts, and this is also admitted upon the motion to dismiss the complaint, which would seem of itself to afford an accidental reason for the removal of the trustee. A deliberate violation of the provisions of the'trust by the trustee in material respects, will always call upon the court to take action against such trustee.
It may be true that in the prayer for relief the plaintiff has asked for relief which is inconsistent with the cause of action set out in his complaint. But that forms no ground of demurrer where the parties have appeared and answered. The plaintiff is entitled to such relief as the facts proved upon the trial entitle him to.
The claim that causes of action have been improperly joined which do not affect afi the parties to the action, cannot now be raised. Such an objection must be taken by the demurrer where it appears upon the face of the complaint, as in the case at bar, if it appears at all, or it is waived.
The judgment appealed from should be reversed and a new trial ordered, with costs of the appellant to abide the event.
Daniels and Brady, JJ., concur.